RECEIVED
IN LAKE CHARLES, LA
MAR 1 9 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOHN W. DOWDELL | : | DOCKET NO. 2:11 CV 848 |
| VS. | : | JUDGE MINALDI |
| ROBERT HENDERSON, ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court are an Appeal of the Magistrate Judge's Decision striking the plaintiff's complaint from the record [Doc. 12], "Motion for Judgment," and Motion for Hearing on the appeal [Doc. 14]. The plaintiff John W. Dowdell, is a Louisiana State prisoner currently confined at the C. Paul Phelps Correctional Center in DeQuincy, Louisiana. He filed this *pro se* civil rights action against fifteen individuals on June 6, 2011.

On June 14, 2011, Magistrate Judge Kay held that Mr. Dowdell's complaint and his application for leave to proceed *in forma pauperis* were deficient because he had failed to submit them on the court-approved forms, as he was required to do under Local Rule 3.2. Accordingly, she ordered Mr. Dowdell to amend his pleadings by submitting the proper forms within 30 days [Doc. 4]. Mr. Dowdell failed to do so, and accordingly, on September 6, 2011, Magistrate Judge Kay issued an order striking Mr. Dowdell's deficient complaint [Doc. 6].

Mr. Dowdell then filed the present appeal. He argues that the magistrate judge erred in requiring him to complete the court's IFP application form because his previous Motion for Leave to Proceed IFP [Doc. 2] contains all of the information requested on the form. Additionally, he appears to argue that the magistrate judge erred by attaching a complaint form for actions brought under 42 U.S.C. 1983 to her order because Mr. Dowdell did not intend to

state a claim under that statute. Rather, Mr. Dowdell apparently intended to file both a petition for a writ of *habeas corpus* and a civil rights complaint under 42 U.S.C. §§ 1985 and 1986.

Pro se litigants are not exempt from compliance with the relevant rules of procedure. *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). Local Rule 3.2 requires Mr. Dowdell to submit either a filing fee or a proper *in forma pauperis* application. He failed to do so. This court has previously held that a magistrate judge may strike a bill, complaint, or petition from the record for a litigant's failure to pay filing fees or submit a proper application to proceed IFP. *See Rainey v. Bureau of Prisons,* No. 08-750, 2008 U.S. Dist. LEXIS 96502 (W.D. La. Nov. 19, 2008). Accordingly, the magistrate judge did not err in striking Mr. Dowdell's complaint, and it is

ORDERED Mr. Dowdell's appeal from her decision is DENIED.

IT IS FURTHER ORDERED that Mr. Dowdell's Motion for Hearing is DENIED.

Lake Charles, Louisiana, this 19 day of March 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE